## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF MISSOURI

| | |
|---|---|
| **PATRICIA MCCALL, on behalf of** )<br>**herself and all other similarly situated,** )<br>)<br>**Plaintiffs,** )<br>)<br>**v.** )<br>)<br>**CERTEGY CHECK SERVICES, INC.** )<br>Serve: CT Corporation System )<br>120 South Central Avenue )<br>Clayton MO 63105 )<br>)<br>**Defendant.** ) | **Case No.:**<br>**Division:** |

### PLANTIFFS' CLASS ACTION COMPLAINT

COMES NOW Patricia McCall ("Plaintiff"), on behalf of herself and all others similarly situated, by and through their attorneys, and in support of Plaintiffs' Class Action Complaint, states as follows:

### PARTIES

1. Plaintiff Patricia McCall is an individual and a resident of Jackson County, Missouri.

2. Defendant Certegy Check Services, Inc. ("Certegy") is a subsidiary of Fidelity National Information Services, Inc. Certegy is a Delaware Corporation, with headquarters in St. Petersburg, Florida. Certegy provides credit and check verification and authorization services in Missouri and throughout the United States.

1

## JURISDICTION

3. The Court has diversity jurisdiction over this matter pursuant to 28 U.S.C. § 1332(d), as the matter in controversy exceeds $5 million, Plaintiff has diverse citizenship from Defendant, and there are more than 100 class members.

4. Venue properly lies in this district pursuant to 28 U.S.C. § 1391(a)(2) because a substantial part of the acts giving rise to Plaintiff's claims occurred in this district.

## INTRODUCTION

5. Certegy is a financial information company doing business in the United States.

6. Certegy provides credit and check verification and authorization services to U.S. retail merchants.

7. On July 3, 2007, Certegy publicly announced that it discovered that the private, non-public personal and financial information and data for many of its customers had been viewed, stolen, and/or compromised (hereinafter referred to as "compromised").

8. The data was compromised after a high level employee wrongfully removed and sold consumer information to a data broker.

9. Altogether, millions of credit, check, and debit card numbers and accounts, including Plaintiff's, were compromised. Certegy initially reported that approximately 2.5 million records had been compromised.

10. In addition to the credit, check, and debit card numbers and account information that was compromised, Certegy has publicly stated that the employee also gained access to other private, nonpublic customer information, including, but not limited to names, addresses and telephone numbers as well as, in many cases, dates of birth.

2

11. In late July 2007, Certegy announced that the number of records compromised was approximately 8.5 million; more than 3 times the original estimate.

12. On several occasions during 2006, Plaintiff used her checking account to purchase items from U.S. merchants who were clients of Certegy.

13. As a result of Plaintiff's checking account usage on several occasions in 2006, Defendant stored within its computer system and was in possession of Plaintiff's private, nonpublic personal and financial information.

14. Plaintiff's private, nonpublic personal and financial information has been compromised as a result of Certegy's actions and/or non-actions.

15. William G. Sullivan, a senior level database administrator and 7 year veteran employee of Certegy, wrongly accessed and compromised Plaintiffs' and the Class' private, non-public personal and financial information during the scope and course of his employment with Certegy, and sold said information to his own marketing company.

16. Plaintiff, at no time, agreed to allow Certegy to retain their personal financial information.

17. Plaintiff, at no time, agreed to allow an employee of Certegy to access their private financial information and to sell that information to other entities.

**CLASS ACTION ALLEGATIONS**

18. This action is brought on behalf of the Plaintiff, individually and as a class action, on behalf of all persons or entities in Missouri who entered into credit or debit card transactions, or any other transaction which involved the transmission of personal and/or financial information with Certegy, whose personal and/or financial information was

3

Case 4:07-cv-00578-FJG   Document 1   Filed 08/10/07   Page 3 of 10

stored in Defendant's databases and/or computer systems during the time-period that security was compromised (hereinafter "the Class"). The Class does not include Defendants, or their officers, directors, agents, or employees.

19. The Class is composed of thousands of consumers, the joinder of whom in one action is impracticable. Disposition of the claims in a class action will provide substantial benefits to both the parties and the Court.

20. The rights of each member of the Class were violated in a similar fashion based upon Defendant's uniform actions and/or non-actions.

21. Questions of law and fact common to the Class predominate over question which may affect individual Class members, including the following:

   a)   whether Defendant was negligent in collecting and storing personal and financial information of Certegy's clients' customers;

   b)   whether Defendant took reasonable measures to safeguard the personal and financial information of Certegy's clients' customers;

   c)   whether Defendant owed a duty to Plaintiff and/or the Class to protect the personal and financial information of Certegy's clients' customers;

   d)   whether Defendant breached its duty to exercise reasonable care in storing Certegy's clients' customers' personal and financial information by storing that information on Certegy's computer systems and in their physical possession.

   e)   whether Defendant breached a duty by failing to keep Plaintiff's and Class members' personal and financial information secure;

4

  f)  whether Defendant was negligent in failing to keep Plaintiff's and Class members' personal and financial information secure; and

  g)  whether Plaintiff and members of the Class have sustained damages, and if so, what is the proper measure of those damages.

22. Plaintiff will fairly and adequately represent and protect the interests of the Class in that she has no interest that is antagonistic to or that irreconcilably conflicts with those of other members of the Class.

23. Plaintiff has retained counsel competent and experienced in the prosecution of class action litigation.

24. A class action is superior to all other available methods for the fair and efficient adjudication of Plaintiff's and the Class member's claims.  Plaintiff and the members of the Class have suffered irreparable harm as a result of Defendant's deceptive, negligent, and unlawful conduct.  The damages suffered by individual Class member may be relatively small, and thus few, if any individual class members can afford to seek legal redress on an individual basis for the wrong complained of herein.  Absent a class action, Plaintiff and members of the Class will continue to suffer losses as a result of Defendant's unlawful and negligent conduct.

## COUNT I

### NEGLIGENCE

25. Plaintiff incorporates and re-alleges all paragraphs as if fully set forth herein.

26. Defendant came into possession of Plaintiff's and the Class' private, non-public, personal and financial information and had a duty to exercise reasonable care in safeguarding and protecting such information from being compromised and/or stolen.

27. Defendant had a duty to timely disclose the fact that Plaintiff's and the Class' private, non-public personal and financial information within its possession had been, or was reasonably believed to have been, compromised.

28. Defendant, through its acts and/or omissions, unlawfully breached its duty to Plaintiff and the Class by failing to exercise reasonable care in protecting and safeguarding Plaintiff's and Class' private, non-public, financial and personal information within its possession.

29. But for Defendant's negligent and wrongful breach of its duties owed to Plaintiff and the Class, Plaintiff's and the Class' private non-public personal and financial information would not have been compromised.

30. Plaintiff's and members of the Class' private, non-public, personal and financial information was compromised, viewed, and/or stolen as the proximate result of Defendant failing to exercise reasonable care in safeguarding such information by adopting, implementing, or maintaining appropriate security measures to protect and safeguard the private, non-public, personal and financial information within its possession. Defendant further had a duty to hire trustworthy employees as well as to have procedures in place to detect and prevent such theft by its employees. This breach of security and unauthorized access was reasonably foreseeable to Defendant.

31. Plaintiff and the Class suffered damages including, but not limited to: expenses for credit monitoring, anxiety, emotional distress, loss of privacy, and other economic and non-economic harm.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff individually on behalf of herself, and all others similarly situated, respectfully asks that this Court enter an Order:

(a) certifying this matter as a class action with Plaintiff as Class Representatives and designating Plaintiff's counsel as class counsel;

(b) finding that Defendant was negligent in protecting Plaintiff's and the Class' private personal and financial information stored on their computer systems and in their physical possession;

(c) requiring Defendant to provide monies required to monitor Plaintiff's and other class members' financial accounts as well as to compensate anyone who suffers damage as a result of the theft of their private information;

(d) enjoining Defendant from action which places consumers at a risk of future security breaches;

(e) awarding damages to Plaintiff and the Class under the common law theories alleged;

(f) requiring Defendant to pay Plaintiff and class members reasonable attorneys' fees and costs of litigation; and

(g) providing for such other legal and/or equitable relief as justice requires.

## COUNT II

## BREACH OF IMPLIED CONTRACT

32. Plaintiff incorporates and re-alleges all paragraphs as if fully set forth herein.

33. Defendant came into possession of Plaintiff's and the Class' private, non-public, personal and financial information and had an implied contract to protect such information with Plaintiff and the Class, via Plaintiff's and the Class' financial institution's privacy notices.

34. The implied contract required Defendant to exercise reasonable care in safeguarding and protecting Plaintiff's and the Class' private, non-public, personal and financial information from being compromised and/or stolen.

35. Defendant did not exercise reasonable care in safeguarding and protecting Plaintiff's and the Class' private, non-public, personal and financial information from being compromised and/or stolen.

36. Because of Defendant's failure to exercise reasonable care in safeguarding and protecting Plaintiff's and the Class' private, non-public, personal and financial information from being compromised and/or stolen, Defendant's contract obligations were not performed.

37. Plaintiff and the Class suffered damages including, but not limited to: anxiety, emotional distress, loss of privacy, and other economic and non-economic harm.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff individually on behalf of herself, and all others similarly situated, respectfully asks that this Court enter an Order:

    (a) certifying this matter as a class action with Plaintiff as Class Representatives and designating Plaintiff's counsel as class counsel;

8

(b) finding that Defendant was negligent in protecting Plaintiff's and the Class' private personal and financial information stored on their computer systems and in their physical possession;

(c) requiring Defendant to provide monies required to monitor Plaintiff's and other class members' financial accounts as well as to compensate class members for all damages that result from the theft of their private information;

(d) enjoining Defendant from action which places consumers at a risk of future security breaches;

(e) awarding damages to Plaintiff and the Class under the common law theories alleged;

(f) requiring Defendant to pay Plaintiff and class members reasonable attorneys' fees and costs of litigation; and

(g) providing for such other legal and/or equitable relief as justice requires.

## JURY DEMAND

Plaintiff, on behalf of herself and the putative class, demand a trial by jury on all issues so triable.

Dated: August 10, 2007                     Respectfully submitted,


**BURGESS AND LAMB, P.C.**


/s/Mitchell L. Burgess
Mitchell L. Burgess    #47524MO
Keith C. Lamb          #56761MO

9

1000 Broadway, Suite 400
Kansas City, MO 64105
Phone (816) 471-1700
Fax     (816) 471-1701

And

**RAPLH K. PHALEN, ATTY. AT LAW**

Ralph K. Phalen         #36687MO
1000 Broadway, Suite 400
Kansas City, MO 64105
Phone (816) 589-0753
Fax     (816) 471-1701

**OF COUNSEL FOR PLAINTIFF**